UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20311-CR-WILLIAMS

UNITED STATES OF AMERICA

v.

FRANCISCO TEODORO TAVAREZ MENDEZ,
    a/k/a "Kiko," and
PEDRO JUAN DOMINGUEZ,
    a/k/a "Perucho,"

    Defendants.
_____/

**PROTECTIVE ORDER REGULATING DISCLOSURE OF
DISCOVERY AND SENSITIVE INFORMATION CONTAINED THEREIN**

The United States of America, having filed a motion for a protective order regulating the disclosure of discovery and sensitive information contained therein to defense counsel in connection with the government's discovery obligations, and the Court finding good cause therefore:

IT IS HEREBY ORDERED that the government is authorized to disclose Sensitive Information (*i.e.*, copies of reports of interviews, related documents and letters, plea agreements, criminal records, and any related *Brady/Giglio* materials) in its possession that the government believes necessary to comply with the discovery obligations imposed by this Court;

IT IS FURTHER ORDERED that the government shall mark that portion of the discovery that includes sensitive information as "Confidential;"

IT IS FURTHER ORDERED that Counsel of record for each defendant in this proceeding shall hold the Confidential portion of the discovery in the strictest confidence. Therefore, defense

counsel shall restrict access to this discovery, and shall disclose this discovery to their clients, office staff, investigators, and to anticipated fact or expert witnesses only to the extent that defense counsel believes is necessary to assist in the defense of their client in this matter and in a manner that will prohibit the disclosure of this discovery to other persons not involved in the defense. To the extent a defendant is in custody, defense counsel may show the defendant copies of the Confidential portion of discovery but may not provide the defendant with copies of the Confidential portion of discovery. Under no circumstance shall defense counsel permit a Defendant or any other individual to remove the Confidential portion of discovery from defense counsel's office, retain any copies of the Confidential portion of discovery, or reproduce in any manner the Confidential portion of discovery;

IT IS FURTHER ORDERED that counsel of record for each defendant shall advise any person to whom the Confidential portion of the discovery is disclosed that such information shall be held in strict confidence, and that further disclosure or dissemination is prohibited without defense counsel's express consent; and

IT IS FURTHER ORDERED that counsel of record for each defendant shall obtain a certification from each person to whom the Confidential portion of the discovery is disclosed, *except those persons who work in Counsel's office*, in which the recipient (a) acknowledges these restrictions as set forth in the Protective Order of the Court, and (b) agrees that they will not disclose or disseminate the information without express consent of defense counsel. Counsel shall keep a copy of each certification to identify the individuals who received the Confidential portion of the discovery and the date on which such information was first disclosed.

IT IS FURTHER ORDERED that counsel of record agree that, upon conclusion of the above captioned case,[1] copies of the Confidential portion of the discovery disclosed to defense counsel pursuant to the terms of this order shall be destroyed or returned to the United States.

DONE AND ORDERED in chambers at Miami, Florida, this 22rd day of September 2025.

———————————————
HON. KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT COURT JUDGE

cc: Counsel of record

---

[1] This shall mean the period at the conclusion of any appellate and Section 2255 proceedings; if any, or upon expiration of the deadline for filing appellate or Section 2255 proceedings.