## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 24-20311-CR-WILLIAMS

UNITED STATES OF AMERICA

vs.

**FRANCISCO TEODORO TAVAREZ MENDEZ,**
    a/k/a "Kiko,"

       **Defendant.**

_____/

### STIPULATED FACTUAL BASIS FOR PLEA

Pursuant to Rule 11(b)(3), the following sets forth the factual basis for defendant FRANCISCO TEODORO TAVAREZ MENDEZ's guilty plea to Count One of the Indictment. The United States of America and the defendant agree that had this case gone to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

1.     From 2017 through 2021, the defendant was part of a drug trafficking organization ("DTO") that engaged in the shipment of cocaine from the Dominican Republic to the United States, including South Florida, using shipping containers.

2.     The DTO's preferred method of concealment was to press cocaine between the layers of cardboard in cardboard box flaps. This was frequently done by co-conspirator, Miguel Emilio Gutierrez Diaz, on a farm in the Dominican Republic. The boxes were then used to ship clothing or produce to the United States in shipping containers. Upon arrival of the containers, the boxes of clothing or produce were removed, the clothing or produce was discarded, and the cocaine was removed from the box flaps.

3. Co-conspirator Miguel Andres Gutierrez Diaz was responsible for obtaining the cocaine from sources of supply in the Dominican Republic and investing cocaine in the loads being imported into the United States. Miguel Andres Gutierrez Diaz directed and managed other DTO members, including Miguel Emilio Gutierrez Diaz, who packaged the cocaine in the Dominican Republic and dispatched it to Florida.

4. The DTO sent several loads of cocaine that were concealed in cardboard boxes and dispatched from the Dominican Republic, which were then imported into the United States, totaling more than 5,000 kilograms. Specifically, between May 2017 and September 2019, the DTO sent fifteen cocaine shipments from the Dominican Republic to the United States, totaling approximately 4,262 kilograms. Between September 2019 and June 2020, the DTO sent four cocaine shipments from the Dominican Republic to South Florida, each of which contained 319 kilograms, for a total of approximately 1,276 kilograms.

5. The defendant's participation in the DTO consisted of physically delivering the cocaine supplied by the defendant and a co-conspirator to other co-conspirators within the Dominican Republic, as well as a money launderer who transported bulk cash from the United States to the Dominican Republic. Specifically, between 2019 and 2020, the defendant and other co-conspirators physically delivered cocaine to the DTO, which amounted to 2,565 kilograms of cocaine at varying prices between $8,500 and $10,000 per kilogram, totaling $24,338,500. Out of the 2,565 kilograms, defendant sourced 1,927 kilograms to the DTO, which at an average price of $8,500 equates to $16,379,500. This cocaine was shipped to the United States as part of the fifteen shipments sent between May 2017 and September 2019, and the four shipments sent between September 2019 and 2020.

2

6.     At other times during the conspiracy, the defendant, along with co-conspirators, laundered drug proceeds from the United States to the Dominican Republic to be paid out to other co-conspirators.  The defendant typically charged a commission for laundering the funds.  From February 2017 to December 2020, the defendant and his co-Defendant Pedro Juan Dominguez laundered approximately $16,007,000 from the United States to the Dominican Republic.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date:   3/2/26          By:   _____

LYNN M. KIRKPATRICK
ASSISTANT U.S. ATTORNEY

Date:   02/27/26        By:   _____

CARLOS ANDREU COLLAZO, ESQ.
ATTORNEY FOR DEFENDANT

Date:   02/27/26        By:   _____

FRANCISCO TEODORO TAVAREZ MENDEZ
DEFENDANT

3