UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-20311-CR-WILLIAMS

UNITED STATES OF AMERICA

vs.

FRANCISCO TEODORO TAVAREZ MENDEZ,
        a/k/a "Kiko,"

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and

**FRANCISCO TEODORO TAVAREZ MENDEZ** (hereinafter referred to as the "defendant")

enter into the following agreement:

1.      The defendant agrees to plead guilty to Count One of the Indictment (hereinafter

"Indictment"), which count charges that from at least as early as 2017, and continuing through in

or around 2021, in the Southern District of Florida, and in the countries of the Dominican Republic

and Colombia, and elsewhere, the defendant did knowingly and willfully conspire with other

persons to distribute a controlled substance in Schedule II, that is, five (5) kilograms or more of a

mixture and substance containing a detectable amount of cocaine, intending, knowing, and having

reasonable cause to believe that such controlled substance would be unlawfully imported into the

United States, in violation of Title 21, United States Code, Section 959(a); all in violation of Title

21, United States Code, Section 963.

2.      The United States agrees to dismiss Counts Two and Three of the Indictment as to

the defendant at the time of sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to life imprisonment and must impose a statutory minimum term of 10 years' imprisonment, followed by a term of supervised release of at least 5 years and up to a lifetime of supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $10,000,000.

2

5.     The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant.  The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.  If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.     This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.     This Office agrees that it will recommend at sentencing that the Court reduce by two levels the Sentencing Guidelines level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.  If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.  This Office, however, will not

3

be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.      The United States and the defendant agree that at the time of sentencing, although not binding on the probation office or the Court, they will jointly recommend that, pursuant to Section 5C1.2 of the Sentencing Guidelines, the Court impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence identified in paragraph 4 above, provided that:

a.      The defendant does not have:

1.      More than four Criminal History points, excluding any Criminal History points resulting from a one-point offense, as calculated under the Sentencing Guidelines;

2.      A prior offense earning three points as calculated under the Sentencing Guidelines; and

3.      A prior violent offense, as defined in Title 18, United States Code, Section 16, earning two points as calculated under the Sentencing Guidelines;

b.      The defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon, or induce another participant to do so, in connection with the offense;

4

c.    The offense did not result in death or serious bodily injury to any person;

d.    The defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise; and

e.    Not later than the time of the initial sentencing hearing, the defendant has truthfully provided to the Government all information and evidence that the defendant has concerning the offense of offenses that were part of the same course of conduct or of a common scheme or plan.

9.    This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a.    That the quantity of cocaine involved in the offense, for purposes of Section 2D1.1(a) and (c) of the Sentencing Guidelines, is greater than 450 kilograms (corresponding to level 38 of the Guidelines);

b.    That the defendant receive a two-level reduction if, at the time of sentencing, he satisfies the eligibility criteria of Section 4C1.1(a) of the Sentencing Guidelines; and

c.    That the defendant's offense level should be neither increased nor decreased for the defendant's role in the offense pursuant to Sections 3B1.1 or 3B1.2 of the Sentencing Guidelines.

10.    The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the

5

defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court.   The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.   The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

11.     The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of a violation of 21 U.S.C. 963, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.   In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).   The property subject to forfeiture includes, but is not limited to, a forfeiture money judgment in the sum of $17,179,850, in United States currency, which sum represents the value of any property constituting, or derived from, any proceeds the defendant obtained as the result of the commission of the offense, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

12.     The defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or

6

substitute assets. This assistance shall include: disclosing within 14 calendar days in a Financial Disclosure Statement provided by this Office the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, any assets involved in the offense of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture..

13.     The defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the forfeiture. The defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

14.     The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets

may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

15.    The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.  The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.  However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.  The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.  By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.  The defendant further agrees, together with this Office, to request that the Court enter a specific finding

that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

16.     This is the entire agreement and understanding between this Office and the defendant.   There are no other agreements, promises, representations, or understandings and this agreement supersedes any prior agreements, including any *Kastigar* letter agreements entered.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: ___3/2/26___          By: _____
                                 LYNN M. KIRKPATRICK
                                 ASSISTANT U.S. ATTORNEY

Date: __02/27/26__          By: _____
                                 CARLOS ANDREU COLLAZO, ESQ.
                                 ATTORNEY FOR DEFENDANT

Date: __02/27/26__          By: _____
                                 FRANCISCO TEODORO TAVAREZ MENDEZ
                                 DEFENDANT

9