**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CR-20311-WILLIAMS**

**UNITED STATES OF AMERICA**

v.

**FRANCISCO TEODORO TAVAREZ**
**MENDEZ,**

       **Defendant.**

**UNITED STATES' MOTION FOR**
**PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 21 U.S.C. § 853 and the procedures set forth in Rule 32.2 of the Federal Rules

of Criminal Procedure, the United States moves for the entry of a Preliminary Order of Forfeiture

against Defendant Francisco Teodoro Tavarez Mendez in the above-captioned matter. The United

States seeks a forfeiture money judgment in the amount of $17,179,850 in U.S. currency and the

forfeiture of certain property in satisfaction thereof. In support of this motion, the United States

provides the following factual and legal bases.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 24, 2024, a federal grand jury returned an Indictment charging the Defendant in

Count 1 with conspiracy to distribute cocaine intending, knowing, and having reasonable cause to

believe that it would be unlawfully imported into the United States, in violation of 21 U.S.C. §

963, among other counts. Indictment, Dkt. No. 1. The Indictment also contained forfeiture

allegations, which alleged that upon conviction of a violation of 21 U.S.C. § 963, the Defendant

shall forfeit any property constituting, or derived from, any proceeds obtained, directly or

indirectly, as a result of such offense, and any property that was used or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense, pursuant to 21 U.S.C. § 853. *Id.*

On July 8, 2025, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment. *See* Minute Entry, Dkt. No. 33; Plea Agreement, Dkt. No. 80. As part of the guilty plea, the Defendant agreed to the entry of a forfeiture money judgment in the amount of $17,179,850. Dkt. No. 80.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, Dkt. No. 79. The Factual Proffer also provided a basis for the forfeiture of property. *Id.* The United States Probation Office has since conducted a presentence investigation, which included information on the Defendant's financial condition. *See* Presentence Investigation Report, Dkt. No. 87.

## II.  MEMORANDUM OF LAW

### A.  Directly Forfeitable Property

Any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of a violation of 21 U.S.C. § 963, and any property that was used or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense, is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence. *See* 21 U.S.C. § 853. Criminal forfeiture is governed by the preponderance standard.  *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). Upon finding that property is subject to forfeiture by a preponderance, the Court:

2

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

The Court "must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant," unless entering the order at that time would be "impractical." Fed. R. Crim. P. 32.2(b)(2)(B); *but see McIntosh v. United States*, 601 U.S. 330, 333, 338 (2024) ("district judge's failure to enter a preliminary order prior to sentencing does not deprive a judge of the power to order forfeiture"). And at sentencing, the Court "must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing," and then "include the forfeiture order, directly or by reference, in the judgment." Fed. R. Crim. P. 32.2(b)(4)(B).

### B. Forfeiture Money Judgments

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A). No ancillary proceeding is required when forfeiture consists solely of a money judgment. *See* Fed. R. Crim. P. 32.2(c)(1). As additional property is identified to satisfy the

forfeiture money judgment, the Court must order the forfeiture of such property.  *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

The amount of the money judgment should represent the full sum of directly forfeitable property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order."). The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The Court in imposing a forfeiture money judgment may rely on an agent's reliable hearsay. *See United States v. Stathakis*, 2008 WL 413782, at *14 n.2 (E.D.N.Y. Feb. 13, 2008).  The defendant's money judgment amount can be based on a reasonable estimate on the amount of property subject to forfeiture. *See, e.g., United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011); *United States v. Peithman*, 917 F.3d 635, 651 (8th Cir. 2019); *United States v. Vico*, 2016 WL 233407, at *7 (S.D. Fla. Jan. 20, 2016) (calculation of money judgment does not require mathematical exactitude; district court may make a reasonable extrapolation supported by a preponderance of the evidence).

### C. Property Subject to Forfeiture in Instant Criminal Case

As set forth in the Factual Proffer, Dkt. No. 79, the Defendant was part of a drug trafficking organization (DTO) from 2017 through 2021 that engaged in the shipment of cocaine from the Dominican Republic to the United States, including South Florida, using shipping containers. *Id.* at 1. Their preferred method of concealment was to press cocaine between the layers of cardboard in cardboard box flaps. *Id.* The boxes were used to ship either clothing or produce to the United States in shipping containers. *Id.* Upon arrival, the clothing or produce was discarded, and the cocaine was removed from the box flaps. *Id.*

The DTO sent several loads of cocaine concealed in cardboard boxes and dispatched from the Dominican Republic, which were then imported into the United States, totaling more than 5,000 kilograms. *Id.* at 2. Specifically, between May 2017 and September 2019, the DTO sent 15 cocaine shipments from the Dominican Republic to the United States, totaling approximately 4,262 kilograms. *Id.* Between September 2019 and June 2020, the DTO sent four cocaine shipments from the Dominican Republic to South Florida, each of which contained 319 kilograms, for a total of approximately 1,276 kilograms. *Id.*

The Defendant's participation in the DTO consisted of physically delivering the cocaine supplied by the Defendant and a co-conspirator to other co-conspirators within the Dominican Republic, as well as a money launderer who transported bulk cash from the United States to the Dominican Republic. *Id.* Specifically, between 2019 and 2020, the Defendant and other co-conspirators physically delivered cocaine to the DTO, which amounted to 2,565 kilograms of cocaine at varying prices between $8,500 and $10,000 per kilogram, totaling $24,338,500. *Id.* Out of the 2,565 kilograms, the Defendant sources 1,927 kilograms to the DTO, which at an average

price of $8,500 per kilogram equates to $16,379,500. *Id.* This cocaine was shipped to the United States as part of the 15 shipments sent between May 2017 and September 2019, and the four shipments sent between September 2019 and 2020. *Id.*

At other times during the conspiracy, the Defendant, along with co-conspirators, laundered drug proceeds from the United States to the Dominican Republic to be paid out to other co-conspirators. *Id*. at 3. The Defendant typically charged a commission for laundering the funds. *Id.* From February 2017 to December 2020, the Defendant and his co-defendant laundered approximately $16,007,000 from the United States to the Dominican Republic. *Id.* The Defendant agrees that his proceeds obtained, and property used to commit or facilitate the commission of this criminal conduct, is $17,179,850 in U.S. currency. Dkt. No. 80 at 6.

Based on the record in this case, the total value of the proceeds traceable to Count 1 is $17,179,850, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, pursuant to 21 U.S.C. § 853, and Fed. R. Crim. P. 32.2, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant; the forfeiture of specific property; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred

with defense counsel via e-mail on July 15, 2026, and there is no objection to the motion.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By:  *s/ G. Raemy Charest-Turken*
Gabrielle Raemy Charest-Turken
Assistant United States Attorney
Florida Bar No. 15939
99 N.E. 4th Street, 7th Floor
Miami FL, 33132-2111
Telephone: (305) 961-9365
E-mail: Gabrielle.Charest-Turken@usdoj.gov