**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CR-20311-WILLIAMS**

UNITED STATES OF AMERICA

v.

FRANCISCO TEODORO TAVAREZ
MENDEZ,

　　　　Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Francisco Teodoro Tavarez Mendez (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On July 24, 2024, a federal grand jury returned an Indictment charging the Defendant in Count 1 with conspiracy to distribute cocaine intending, knowing, and having reasonable cause to believe that it would be unlawfully imported into the United States, in violation of 21 U.S.C. § 963, among other counts. Indictment, Dkt. No. 1. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 21 U.S.C. § 963, the Defendant shall forfeit any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property that was used or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense, pursuant to 21 U.S.C. § 853. *Id.*

On July 8, 2025, the Court accepted the Defendant's guilty plea to Count 1 of the

Indictment. *See* Minute Entry, Dkt. No. 33; Plea Agreement, Dkt. No. 80. As part of the guilty plea, the Defendant agreed to the entry of a forfeiture money judgment in the amount of $17,179,850. Dkt. No. 80.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, Dkt. No. 79. The Factual Proffer also provided a basis for the forfeiture of property. *Id.* The United States Probation Office has since conducted a presentence investigation, which included information on the Defendant's financial condition. *See* Presentence Investigation Report, Dkt. No. 87.

As set forth in the Factual Proffer, Dkt. No. 79, the Defendant was part of a drug trafficking organization (DTO) from 2017 through 2021 that engaged in the shipment of cocaine from the Dominican Republic to the United States, including South Florida, using shipping containers. *Id.* at 1. Their preferred method of concealment was to press cocaine between the layers of cardboard in cardboard box flaps. *Id.* The boxes were used to ship either clothing or produce to the United States in shipping containers. *Id.* Upon arrival, the clothing or produce was discarded, and the cocaine was removed from the box flaps. *Id.*

The DTO sent several loads of cocaine concealed in cardboard boxes and dispatched from the Dominican Republic, which were then imported into the United States, totaling more than 5,000 kilograms. *Id.* at 2. Specifically, between May 2017 and September 2019, the DTO sent 15 cocaine shipments from the Dominican Republic to the United States, totaling approximately 4,262 kilograms. *Id.* Between September 2019 and June 2020, the DTO sent four cocaine shipments from the Dominican Republic to South Florida, each of which contained 319 kilograms, for a total of approximately 1,276 kilograms. *Id.*

The Defendant's participation in the DTO consisted of physically delivering the cocaine

supplied by the Defendant and a co-conspirator to other co-conspirators within the Dominican Republic, as well as a money launderer who transported bulk cash from the United States to the Dominican Republic. *Id.* Specifically, between 2019 and 2020, the Defendant and other co-conspirators physically delivered cocaine to the DTO, which amounted to 2,565 kilograms of cocaine at varying prices between $8,500 and $10,000 per kilogram, totaling $24,338,500. *Id.* Out of the 2,565 kilograms, the Defendant sources 1,927 kilograms to the DTO, which at an average price of $8,500 per kilogram equates to $16,379,500. *Id.* This cocaine was shipped to the United States as part of the 15 shipments sent between May 2017 and September 2019, and the four shipments sent between September 2019 and 2020. *Id.*

At other times during the conspiracy, the Defendant, along with co-conspirators, laundered drug proceeds from the United States to the Dominican Republic to be paid out to other co-conspirators. *Id*. at 3. The Defendant typically charged a commission for laundering the funds. *Id.* From February 2017 to December 2020, the Defendant and his co-defendant laundered approximately $16,007,000 from the United States to the Dominican Republic. *Id.* The Defendant agrees that his proceeds obtained, and property used to commit or facilitate the commission of this criminal conduct, is $17,179,850 in U.S. currency. Dkt. No. 80 at 6.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1.      Pursuant to 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $17,179,850 in U.S. currency is hereby entered against the Defendant.

2.　　　The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3.　　　Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4.　　　The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, this _____ day of July 2026.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

4